STATE OF MISSOURI, Respondent, v. ROUELLE, Appellant.

St. Louis Court of Appeals. Submitted March 30, 1909. Opinion Filed May 11, 1909.

1. JURISDICTION: Appellate Courts: Constitutional Question. The Court of Appeals cannot consider a constitutional question which was not raised in the trial court; if the constitutional question appears to arise on the record, the court of appeals will be without jurisdiction.

2. DRAMSHOPS: Gaming Device: Information. An information charging a licensed dramshop-keeper with keeping and permitting to be kept about the premises of the dramshop a pool table, the same being a device for gaming, in violation of section 3018, Revised Statutes 1899, was not open to the objection that it charged two offenses in one count.

State v. Rouelle.

3. ——: ——: ——: Evidence. And in such case where it was shown that the pool table was kept in a room adjoining and connected with that in which the dramshop was conducted, and that access to the pool room was through the dramshop, and the barkeeper of the defendant in charge of the bar was in charge of the pool table, this was sufficient to warrant a verdict of conviction.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*Zachritz & Bass* for appellant.

(1) The information charges separate, distinct, repugnant and inconsistent offenses in one count. It is charged that the defendant did set up, keep, use and 'permit to be kept and used.' This read in the light of the statute, to-wit: "Permit to be kept or used by any other person," makes the point clear. R. S. 1899, sec. 3018; State v. Lawrence, 178 Mo. 350; State v. Flint, 62 Mo. 393; State v. Dale, 141 Mo. 284; State v. Clevenger, 20 Mo. App. 626. (2) The information is insufficient and bad, because there is a failure to charge; that the accused did permit some other person to keep the pool table on the premises of the dramshop; and that the accused "knowingly" permitted it, and because the information fails to set out the name of the person whom the dramshop-keeper permitted to keep a pool table on the premises. State v. Morrison, 64 Mo. App. 507; State v. Ruinzi, 105 Mo. App. 319; State v. Blakely, 115 S. W. 483; State v. Clinkenbeard, 115 S. W. 1059.

STATEMENT.—The defendant in this case was proceeded against by information, duly filed in the St. Louis Court of Criminal Correction, in which information it is charged that defendant, "being then and there a licensed dramshop-keeper in the city of St. Louis, did then and there wrongfully and unlawfully set up, keep,

use and permit to be kept and used, in and about the premises of his said dramshop, located at No. 7801 S. Broadway, therewith, one pool table, same being then and there a device for gaming and designed for the purpose of playing a game of skill, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." The information was duly verified.

On a trial before the court and jury, the defendant was convicted, the jury returning a verdict as follows: "We, the jury in the above-entitled cause, find the defendant guilty of permitting a pool table on premises as charged in the information, and assess his punishment at $10."

After an unsuccessful motion for new trial, as also one in arrest, the case is before us on appeal.

REYNOLDS, P. J. (after stating the facts).— Many points are urged in this court against the information and the verdict, among others, that the information is fatally defective in that it does not inform the defendant of the nature and character of the offense with which he stands charged, thus denying him his constitutional right. No point of this kind appears to have been made in the lower court and, beyond the statement of the point, it is not argued before us in the very elaborate brief of the learned counsel for the defendant. We cannot notice that proposition here, for, if it arose on the record, the case would not be within our jurisdiction.

The remaining points and the weight of the argument, are directed to the proposition that the statute announces various distinct offences, which must be separately stated, and cannot be included in one count, and because the verdict is not responsive to the charge. The proceeding is under that part of section 3018, Revised Statutes 1899, which provides that it shall be unlawful for any dramshop-keeper "to set up, keep, use

or permit to be kept or used in or about the premises of his dramshop by any other person, or run or to be run in connection with such dramshop, in any manner or form whatever, any billiard table, pool table or other gaming table, bowling or ten pin alley, cards, dice or any other device for gaming or playing any game of chance." It was unnecessary to state in this information that the pool table was "a device for gaming and designed for the purpose of playing a game of skill." The setting up or keeping, or using, or permitting to be kept or used in or about the premises occupied as a dramshop, of a pool table, is of the essence of the offense, and it was unnecessary to charge that it was a gaming device or used for gaming; the fact that it is a pool table brings it within the statute. The matter for our determination in a case of this kind, that is to say, any of this class of misdemeanors, is, to endeavor to ascertain whether the information substantially charges an offense, aimed at by the statute, with sufficient particularity to apprise the defendant of the act with which he is charged and to serve as a bar to a further prosecution of him for the same offense. We do not propose, in handling cases under these statutes,—statutes designed for the promotion and preservation of public morals, good order and decency, to indulge in unnecessary technicalities or refinements of reasoning. It is plainly the object of this statute to prevent the setting up, keeping or using of a pool table in connection with a dramshop. An information which clearly charges that is sufficient. While not as technically accurate as good pleading might require, the information in this case, in our opinion, charges this offense with sufficient particularity, to advise this defendant with what he is charged, and that the jury understood just what they had to try is evident from the verdict. That verdict is clearly and distinctly responsive to the charge. The statute aims at preventing a pool table to be set up, used or kept by the dramshop-keeper himself or permitting any one else to do so,

in connection with his dramshop. Whether he used it and kept it himself or permitted some one else to use or keep it in connection with his dramshop, is substantially one and the same thing and one offense. An examination of the testimony in the case shows that this pool table was kept in a room adjoining, and connected with that in which the dramshop was conducted. Access to the pool room was had through the dramshop. The barkeeper of the defendant in charge of the bar was in charge of the pool table. It is contended that the evidence showed that this barkeeper kept the receipts of the pool table in a separate till from the receipts of the dramshop. That is obviously a device intended to evade the spirit of the law. The evidence warranted the verdict of the jury and the form of the verdict is in exact accordance with the facts proven and charged, and by it the jury finds, as they could well find under the evidence, that the defendant violated this law. The verdict and judgment are affirmed. All concur.

